

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

August 16, 2000

The Honorable Delma Rios
Kleberg County Attorney
P.O. Box 1411
Kingsville, Texas 78364

Opinion No. JC-0269

Re: Disposition of funds collected by sheriff pursuant to article 42.12, section 11(a)(19), Code of Criminal Procedure (RQ-0192-JC)

Dear Ms. Rios:

You have asked this office two questions concerning the disposition of funds collected by the Sheriff's Department of Kleberg County pursuant to section 11(a)(19) of article 42.12 of the Code of Criminal Procedure. Essentially, your questions concern whether the sheriff may deposit such funds in a separate account and expend them at his own discretion, or whether such funds must be deposited in the county depository and are subject to the ordinary budgeting process. In our view, section 11(a)(19) of article 42.12 does not set up a separate fund analogous to the "hot check" fund set up by article 102.007 of the Code of Criminal Procedure, and the sheriff, accordingly, may not treat these moneys in the fashion in which the "hot check" fund is treated. Rather, they are to be placed in the county depository and budgeted in the ordinary manner.

Pursuant to Code of Criminal Procedure article 42.12, section 11(a)(19), a judge may require in imposing conditions of community supervision that the defendant:

> (19) Reimburse a law enforcement agency for the analysis, storage, or disposal of raw materials, controlled substances, chemical precursors, drug paraphernalia, or other materials seized in connection with the offense.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a)(19) (Vernon Supp. 2000).

As you explain the situation leading to your request, fees assessed against defendants pursuant to section 11(a)(19) are deposited by the Kleberg County Sheriff "in a separate account under his name and spent at his sole discretion." Request Letter at 2.[1] You further advise that the sheriff has expended approximately $11,000 from this fund for various repairs to a building to be

---

[1]Letter from Honorable Delma Rios, Kleberg County Attorney, to Honorable John Cornyn, Texas Attorney General (Feb. 15, 1999) (on file with Opinion Committee).

used for offices and training, as well as "$895.00 . . . for mugs with the sheriff's name and DARE program logo." *Id.*

Generally, Local Government Code section 113.003 requires that "[t]he county treasurer shall receive all money belonging to the county from whatever source it may be derived," *see* TEX. LOC. GOV'T CODE ANN. § 113.003 (Vernon 1999), and section 113.001 provides that the treasurer "shall keep in a designated depository and shall account for all money belonging to the county." *Id.* § 113.001. Such moneys are to be budgeted in accordance with the relevant requirements of chapter 111 of the Local Government Code, in this case – because Kleberg County has a population of fewer than 225,000 – subchapter A. *See id.* § 111.001; *see also* 1 BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 1990 CENSUS OF THE POPULATION: General Population Characteristics: Texas 3 (population of Kleberg County: 30,274).

The fee at issue here "belongs to the county." The fee is assessed for the official services of the sheriff's office. Fees for such services belong to the county. *See* Tex. Att'y Gen. Op. No. JC-0031 (1999) at 3; *see also* TEX. LOC. GOV'T CODE ANN. § 154.003 (Vernon 1999).

Certain funds, such as the "hot check" fund and the fund generated by the interest on the dealer's motor vehicle inventory escrow account, are in the words of Attorney General Opinion DM-357 "wholly outside of the county budgeting process." Tex. Att'y Gen. Op. No. DM-357 (1995) at 6, 9. However, in such cases the legislature has in very specific language given control of these funds to particular officials. *See* TEX. CODE CRIM. PROC. ANN. art. 102.007(f) (Vernon Supp. 2000) (expenditures from "hot check" fund at "sole discretion of the [county] attorney"); *see also* TEX. TAX CODE ANN. § 23.122(c) (Vernon Supp. 2000) (interest on motor vehicle inventory escrow account "sole property" of assessor-collector). Absent such language, as we pointed out in both Attorney General Opinions DM-357 and DM-398, "expenditure of county funds is under the control of the commissioners court." Tex. Att'y Gen. Op. No. DM-398 (1996) at 2; *see also* Tex. Att'y Gen. Op. No. DM-357 (1995) at 5. No such specific language is to be found in section 11(a)(19) of article 42.12. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a)(19) (Vernon Supp. 2000).

The question presented here is closely paralleled by the situation presented in Attorney General Letter Opinion 96-075. There, this office considered whether an attorney's fee collected pursuant to section 71.041(d) of the Family Code by the prosecutor representing an applicant for a domestic violence protective order was analogous to the "hot check" fund. The relevant statutory language in that case provided that these fees "shall be paid to the credit of the county fund from which the salaries of employees of the prosecuting attorney are paid or supplemented," *see* TEX. FAM. CODE ANN. § 71.041(d) (Vernon 1996), but contained no "sole property" or "sole discretion" language. This office concluded that "[w]hile the language of the Family Code section is sufficient to earmark the funds for the use of the prosecutor's office, it is not sufficient to take the funds out of the general county budgeting process." Tex. Att'y Gen. LO-96-075, at 2. The funds collected pursuant to section 11(a)(19), like those discussed in Letter Opinion 96-075, are not analogous to the "hot check" fund and must be deposited, administered, and disbursed in accordance with the ordinary county fiscal process.

Your second question is what restrictions may apply to expenditure of these funds. Nothing in the statutory language imposes any restrictions on the use of such funds, although they are of course subject to the constitutional restriction that they are to be used solely for public purposes. *See* TEX. CONST. art. III, § 52. We note that the statute requires the reimbursement of the "law enforcement agency," *see* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a)(19) (Vernon Supp. 2000), rather than either the county or state, or the victim of the offense. *Compare id.* art. 42.12, § 11(a)(18) (requiring reimbursement of general revenue fund), *with id.* art. 42.12, § 11(a)(20) (requiring offender to pay "all or part of the reasonable and necessary costs incurred by the victim" for psychological or HIV-AIDS counseling). This language, while less explicit than that in Family Code section 71.041(d), is sufficient to earmark these funds for the use of the sheriff's office, but does not indicate beyond that any particular purpose for which it must be expended.

Nor does the fact that such funds are characterized as reimbursements provide any further restriction on their later use. To reimburse is "[t]o repay or make up to one (a sum expended)." XIII OXFORD ENGLISH DICTIONARY 534 (2d ed. 1989). While the term "reimbursement" explains the basis on which these moneys are received, it offers no guidance as to how they are to be expended. Though the statute may in short require that these funds be earmarked to the sheriff's office, it is otherwise silent as to the purposes for which they may be spent. The sole applicable restriction is the proviso of article III, section 52 that the funds be expended for a public purpose.

## S U M M A R Y

Funds collected by a sheriff's department pursuant to section 11(a)(19) of article 42.12 of the Code of Criminal Procedure are not analogous to the "hot check" fund created by article 102.007(f) of the Code of Criminal Procedure and must be deposited, administered, and disbursed in accordance with the ordinary county fiscal process. There are no statutory restrictions as to how they may be expended, but they are subject to the general restrictions of Texas Constitution article III, section 52 that they must be expended for public purposes.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee